IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LINNIE LOU LAMBERT**                                                        **PLAINTIFF**

vs.                                                        **CIVIL ACTION NO. 1:10CV141-SAA**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                                          **DEFENDANT**


**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Linnie Lou Lambert for disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act. Plaintiff, who appeals the denial of DIB beginning on December 23, 2004 (Docket 7, Exhibit 6, p. 2),[1] filed her application for benefits on September 26, 2005. Ex. 6, p. 72. Her claim was denied initially on November 4, 2005 (Ex. 4, p. 2) and on reconsideration on October 20, 2006. *Id.* at 3. She was represented by counsel at the hearing held on June 11, 2008. Ex. 3, p. 19-35. The Administrative Law Judge (ALJ) issued an unfavorable decision on October 30, 2008 (*Id.* at 9-35),[2] and the Appeals Council denied her request for a review on April 8, 2010. Exhibit 3, p. 2. Plaintiff timely filed the instant appeal from the ALJ's decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case under 42 U.S.C. § 636(c), the undersigned has the authority to issue this

---

[1] The Administrative Record in this case is attached to defendant's Answer at Docket Entry 7. All citations to the Administrative Record are to the docket exhibit number and docket page number in the federal court record, and not to Administrative Record page number.

[2] In order to qualify for DIB, plaintiff had to establish disability before her date last insured, which was September 30, 2006.

opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on August 1, 1955, and completed the ninth grade. Ex. 3, p. 22. She was 51 years old at the time of the date last insured, September 30, 2006.[3] Plaintiff was previously employed as a garment inspector at a clothing manufacturer and a cutter/pattern maker in the furniture industry. *Id.* Plaintiff contends that she became disabled before her DIB application due to problems with her back, neck, right shoulder, right foot, left leg and carpal tunnel syndrome in her right hand. *Id.* at p. 23. The ALJ rejected her claims of disability, concluding that even though the plaintiff had severe impairments and could not perform her past relevant work, there nevertheless were jobs which existed in significant numbers in the national economy which plaintiff could perform, and, consequently, plaintiff was not disabled.

Plaintiff claims that the ALJ erred by failing to give her treating physician's opinions proper weight; and to examine the side effects of her medication in considering her symptoms and credibility. Docket 10, p. 1.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[4] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at

---

[3] The ALJ found in the final step that plaintiff was 49 years old on the date last insured, when in fact, plaintiff was 51 years old and should have been defined as an individual closely approaching advanced age.

[4] *See* 20 C.F.R. § 404.1520(2003).

each of the first four levels, then the burden shifts to the Commissioner at step five.[5] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[6] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[7] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[8] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[9] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[10] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[11]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).

---

[5] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[6] 20 C.F.R. § 404.1520(b)(2003).

[7] 20 C.F.R. § 404.1520(b)(2003).

[8] 20 C.F.R. § 404.1520(b)(2003).

[9] 20 C.F.R. § 404.1520(e)(2003).

[10] 20 C.F.R § 404.1520(f)(1)(2003).

[11] *Muse*, 925 F.2d at 789.

The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has the limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[12] even if it finds that the evidence leans against the Commissioner's decision.[13] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

At step one, the ALJ concluded that plaintiff has not engaged in substantial gainful activity from the alleged onset date, December 23, 2004, through her date last insured,

---

[12] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[13] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

September 30, 2006. Ex. 3, p. 14. At step two, the ALJ determined that plaintiff suffered from "severe" impairments, including "cervical and lumbar degenerative disc disease and right leg radiculopathy" (Ex. 3, p. 14) and at step three found that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. 404.1525 and 404.1526). *Id.* The ALJ found that "[d]espite her impairments, the medical evidence fails to document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." *Id.* Based upon testimony by the vocational expert [VE] at the hearing and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform light work as defined by 20 CFR 404.1567(b) except, she can only occasionally climb, balance, stoop, kneel, crouch and crawl, but can frequently perform gross and fine manipulative actions.

Ex. 3, p. 15. In light of testimony by the VE, the ALJ found plaintiff incapable of performing her past relevant work at step four. Ex. 3, p. 16. Last, at step five, the ALJ concluded that before September 30, 2006, plaintiff's date last insured, plaintiff was capable of performing a significant number of jobs in the national economy, and, therefore, based upon the Medical-Vocational Rules, was not disabled. *Id.* at 17.

Plaintiff argues on appeal that because the ALJ failed to give her treating physician's opinions proper weight and failed to examine the side effects of her medication in considering her symptoms and credibility, his decision is unsupported by substantial evidence. Docket 11, p. 1. Dr. Al Flannery has been plaintiff's treating physician for nineteen years. Ex. 8, p. 109. The Commissioner responds that Dr. Flannery's opinion is not entitled to controlling weight because not only is it inconsistent with plaintiff's medical records, but it also conflicts with medical

5

evidence and statements from an examining physician never mentioned by the ALJ. Docket 11, p. 11. The court agrees with plaintiff. The court concludes that the ALJ failed to properly weigh Dr. Flannery's opinions and provide a detailed explanation of the reasons those medical opinions as to plaintiff's capabilities were due less weight than those of a non-examining physician.

On June 24, 2008, Dr. Flannery completed a Medical Source Statement heavily restricting plaintiff's activities. Ex. 8, p. 104-09. It was his opinion that plaintiff cannot lift more than 10 pounds occasionally, stand more than 2 hours for an hour at a time, sit more than 2 hours for an hour at a time, occasionally climb, kneel, or stoop, frequently balance, and never crouch or crawl. *Id.* at 104-05. He also stated that she should be limited in reaching, handling, fingering and feeling, is restricted from working around heights, chemicals, fumes, moving machinery, dust, humidity, temperature extremes, and vibration (*Id.* at 106-07), and her ability to function is moderately limited by pain. *Id.* at 108. He represented that his Medical Source Statement was based upon objective findings and not on the plaintiff's subjective complaints (*Id.* at 109) and that in his opinion plaintiff is totally and permanently disabled. Ex. 8, p. 103. The ALJ gave little weight to Dr. Flannery's disability conclusion, but did not provide an indication of the weight to be accorded Dr. Flannery's remaining opinions.

The only other medical opinion mentioned in the ALJ's opinion is a two-sentence statement that a "state agency physician . . . found the claimant could perform light work. This opinion is consistent with the evidence of record through her date last insured, September 30, 2006." Ex. 3, p. 16. Presumably, the ALJ was referring to Dr. William Hand, a DDS non-examining physician who reviewed plaintiff's file and completed a Physical RFC Assessment form on November 30, 2005, before the ALJ received Dr. Flannery's Medical Source Statement

or treatment records for plaintiff for the years 2005 and 2006. Ex. 8, p. 32-29. Dr. Hand concluded that plaintiff was limited to occasionally lifting 20 pounds, frequently lifting 10 pounds, standing for 6 hours in an 8-hour day, and sitting for 6 hours in an 8-hour day. *Id.* at 33. He provided no limitation for pushing or pulling and no postural, manipulative, visual or environmental limitations. *Id.* at 33-34. Dr. Hand noted that plaintiff's "symptoms are partially credible." *Id.* at 37. The ALJ stated that Dr. Hand "found the claimant could perform light work" yet no where in Dr. Hand's assessment does he make such a determination. Ex. 8, p. 32-39. The ALJ afforded great weight to Dr. Hand's opinion. Ex. 3, p. 16.

For an ALJ properly to afford lesser weight to the treating physician's medical opinions he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Because the ALJ did not follow these criteria, says plaintiff, his refusal to give Dr. Flannery's opinions controlling weight was error as a matter of law. The Commissioner argues that *Newton* does not apply to this case because the record nevertheless provides "good cause" for the ALJ's finding that the treating physician's opinion was not entitled to controlling weight. Docket 11, p. 11.

Reading the record as a whole, the court concludes that the ALJ's opinion is unsupported by substantial evidence and should be remanded for further consideration. An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence . . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled." 20 C.F.R. §§ 404.1512(e). The regulations further provide "additional evidence or clarification *will* be sought [emphasis added by the court] when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary

7

information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(2)(1). Additionally, "[a]n 'ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position'" *Morgan v. Astrue*, 2010 WL 2697170, *8 (N.D.Tex. July 7, 2010), citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

A treating physician such as Dr. Flannery, who has seen the plaintiff regularly for at least nineteen years, has a unique perspective regarding the plaintiff's abilities, limitations, medical history and diagnosis. At the least, Dr. Foropoulos, a two-time examining physician, would have a better perspective of the plaintiff's abilities, limitations, medical history and diagnosis than the non-examining physician who did not even have all of the medical evidence or the treating physician's medical source statement to review at the time of the opinion provided.

Although the ALJ properly gave Dr. Flannery's opinion that plaintiff is totally disabled "little weight," he appeared to completely ignore Dr. Flannery's remaining opinions and did not indicate what weight those opinions received. Ex. 3, p. 16. It may be that there is substantial evidence to deny the plaintiff's claims, but it is unclear whether the ALJ considered all of the necessary factors before declining to afford controlling weight to Dr. Flannery's opinion and ignoring portions of the medical opinions of other examiners to give the most weight to the by then 3-year old opinion of a non-examining physician.

Further, it is clear that additional development of the record, specifically in the form of additional opinions from the treating physician or even a follow-up review by the non-examining physician once all the records and medical source statements were in the ALJ's possession, would have been easily obtained, and probably helpful, had the ALJ sought such information. In

such a case as this, where the ALJ wishes to rely on a non-examining physician and not even indicate what weight he accords a treating physician of nineteen years, the Commissioner should contact the treating physician. 20 C.F.R. § 404.1509p(b) (2000). The undersigned holds that the decision of the Commissioner should be remanded for further proceedings consistent with this opinion.

## IV. PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for (1) further explanation of why all of the plaintiff's impairments do not combine to meet a listing and (2) further evaluation of the side effects of plaintiff's medication on her ability to work. Additionally, the ALJ is instructed to properly consider the plaintiff's age of 51 at the time of the date last insured. Because the court is remanding for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## V. CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 24th of January, 2011.

                                                /s/ S. Allan Alexander
                                              UNITED STATES MAGISTRATE JUDGE